UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL MCDONALD,

      Petitioner,                          Case No. 2:12-CV-15599
                                            Hon. Denise Page Hood

v.

STEVEN RIVARD,

      Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Darnell McDonald, ("Petitioner"), incarcerated at the St. Louis Correctional Facility in Gratiot County, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner plead guilty in the Muskegon Circuit Court to armed robbery and first-degree home invasion. He was sentenced as a second-time habitual felony offender to concurrent terms of 19-to-40 years and 10-to-20 years in prison. In his pro se application, Petitioner asserts: (1) he should be re-sentenced to a lessor sentence because the guidelines were incorrectly scored; and (2) the facts of his case do not support the scoring of the guidelines.   The petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

I. Background

Petitioner pled guilty to the above charges in the Muskegon Circuit Court on March 22, 2010.  Following sentencing he filed a motion for correction of sentence, raising his habeas claims. The trial court apparently denied the motion.  Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals.  He claims the application raised his habeas claims.  The

application was denied "for lack of merit in the grounds presented" on May 18, 2011. *People v. McDonald*, Mich. Ct. App. No. 303453. Petitioner appealed this decision to the Michigan Supreme Court, but leave to appeal was denied on September 26, 2011, by standard order. *People v. McDonald*, Mich. Sup. Ct. No. 143349.

## II. Discussion

Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

A sentence imposed within the statutory limits, as Petitioner's sentence,  is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000); *see also Foster v. Withrow*, 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001) (same). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014

2:12-cv-15599-DPH-MKM   Doc # 5   Filed 01/28/13   Pg 3 of 4   Pg ID 37

(E.D. Mich. 2002). Here, Petitioner's sentences are within the statutory limits.

Petitioner's claims that the trial court incorrectly scored his sentencing guidelines are non-cognizable on federal-habeas review. An argument based on a perceived error or alleged violation of state law fails to state a claim on which habeas relief may be granted. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). Moreover, "the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire* 502 U.S. 62, 68 (1991)). "[I]n short, petitioner ha[s] no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id*.

Against that backdrop, the Court concludes that Petitioner is not entitled to habeas relief with respect to his sentencing claims.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because Petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1025-1027 (7th Cir. 1998). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

Dated:  January 28, 2013          S/Denise Page Hood_____
                                  Denise Page Hood
                                  United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2013, by electronic and/or ordinary mail.

                                  S/LaShawn R. Saulsberry_____
                                  Case Manager